**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**IN HOUSE CONVENIENCE, LLC**
**807 Calle Chamisal**
**Espanola, New Mexico 87532,**

**Plaintiff-Appellant,**

**vs.** **Civ. No. 23-985 LF/JFR**

**UNITED STATES OF AMERICA,**
**Through UNITED STATES DEPARTMENT**
**OF AGRICULTURE,**

**Defendant-Appellee.**

**ORDER DENYING REQUEST FOR STAY**

**THIS MATTER** comes before the Court on Plaintiff-Appellant's counsel Henry Klein's *Notice of Filings in 23-MC-00034-WJ and Request for Stay*, filed February 13, 2024. Doc. 10. Being fully advised in the premises and for the reasons discussed below, the Court **DENIES** Mr. Klein's request for a stay.

On December 12, 2023, the Court entered an Order of Suspension in *In Re: Henry L. Klein*, No. 1:23-mc-00034-WJ (Doc. 14). In that order, Chief United States District Court Judge William P. Johnson ordered that Mr. Klein, "is **INDEFINITELY SUSPENDED** from practice before the United States District Court for the District of New Mexico, effective from the date of this Order," and **DENIED** Mr. Klein's Motion for Relief from Rule of Good Standing. USDC 1:23-mc-00034-WJ, Doc. 14 at 12 (emphasis in original). The Court further ordered that the judges presiding over any pending cases in which Mr. Klein is counsel of record "may allow [Mr. Klein] to continue to appear for whatever time they deem appropriate so as not to prejudice [Mr. Klein's] clients." *Id.*

Pursuant to Judge Johnson's Order of Suspension, on December 13, 2023, the undersigned ordered Mr. Klein to withdraw from this action within 30 days. Doc. 4. On January 12, 2024, Mr. Klein asked for a 30-day extension, which the Court granted on January 17, 2024. Doc. 9. Therein, the Court explicitly advised Mr. Klein that no further extensions would be allowed. *Id*. at 3. Mr. Klein nonetheless seeks an indefinite stay of this matter until he is able to petition the Supreme Court. *See* Doc. 10 at 2.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Whether to stay a case generally is a matter left to the sound discretion of the trial court. *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 736 (10th Cir. 2016). In determining whether a stay is appropriate, the court weighs interests such as whether the movant is likely to prevail in the civil action, whether movant will suffer irreparable harm, whether the stay will cause substantial harm to other parties to the proceeding, and the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc*., 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider the litigant's interests in proceeding expeditiously with the civil action and the potential prejudice to the opposing party of a delay, the burden on the litigants, and the convenience to the court. *String Cheese Incident, LLC v. Stylus Shows*, Inc., No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Having considered these factors, the undersigned finds that a stay is not warranted and would cause undue delay. While Mr. Klein asks for "the opportunity to finish the humanitarian job [he] started," that is not enough to stay these proceedings open-endedly. An indefinite stay to wait for Mr. Klein to be reinstated causes uncertainty for all parties involved.

Plaintiff-Appellant In House Convenience, LLC, must move forward with licensed counsel or face dismissal of its claims. Thus, unless Mr. Klein is granted relief from suspension by Judge Johnson in 1:23-mc-00034-WJ, the Court cannot allow him to continue to represent Plaintiff-Appellant in this case and will not further delay this matter until his indeterminate reinstatement.

**IT IS THEREFORE ORDERED** that Mr. Klein's request for a stay (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Klein must file a motion to withdraw pursuant to D.N.M.LR-Civ. 83.8 in compliance with the Court's Order Regarding Order for Suspension (Doc. 4) no later than **Friday, February 16, 2024**. **No further extensions will be allowed.**

**IT IS FURTHER ORDERED** that Mr. Klein's failure to comply with this Order may result in the dismissal of this action without prejudice.

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**