IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**IN HOUSE CONVENIENCE, LLC**
**807 Calle Chamisal**
**Espanola, New Mexico 87532,**

    **Plaintiff-Appellant,**

    vs.                                                      Civ. No. 23-985  JB/JFR

**UNITED STATES OF AMERICA,**
**Through UNITED STATES DEPARTMENT**
**OF AGRICULTURE,**

    **Defendant-Appellee.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court by Order of Reference[1] in accordance with 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990).  Doc. 17.

    I.        **PROCEDURAL BACKGROUND**

On November 6, 2023, Plaintiff-Appellant filed a *Complaint for Judicial Review of Final Agency Decision and Restoration of SNAP[2] Rights Pursuant to 7 U.S.C. § 2023, 7 C.F.R. 279.7.* Doc. 1.  On November 7, 2023, court staff noted on the docket that per attorney admissions

---

[1] By an Order of Reference filed February 21, 2024 (Doc. 17), the presiding judge referred this matter to the undersigned to conduct hearings as warranted and to perform any legal analysis required to recommend an ultimate disposition of the case.

[2] Supplemental Nutrition Assistance Program.

report, Plaintiff-Appellant's counsel, Henry L. Klein, "is currently suspended status per Supreme Court of Louisiana 6/27/2023."

On December 12, 2023, in *In Re: Henry L. Klein*, No. 1:23-mc-00034-WJ, Chief United States District Judge William P. Johnson entered an *Order of Suspension* (Doc. 14).  Therein, the Court ordered that Attorney Henry L. Klein "is **INDEFINITELY SUSPENDED** from practice before the United States District Court for the District of New Mexico, effective from the date of this Order," and **DENIED** Mr. Klein's *Motion for Relief from Rule of Good Standing*.  USDC 1:23-mc-00034-WJ, Doc. 14 at 12 (emphasis in original).[3]  The Court further ordered that

> the Clerk provide a copy of this Order to the Judges presiding over pending cases in which Mr. Klein appears as counsel.  *See Four Winds Behavioral Health, Inc. v. United States Small Business Administration*, No. 1:23-cv-00984-JFR-LF; *In House Convenience, LLC v. United States of America*, No. 1:23-cv-00985-LF/JFR.  The Judges presiding over those cases may allow him to continue to appear for whatever time they deem appropriate so as not to prejudice his clients.

*Id.* at 12.

With the foregoing in mind and there being no consent or presiding judge yet assigned, Magistrate Judge John F. Robbenhaar entered an *Order Regarding Order of Suspension* in which he ordered Mr. Klein to withdraw from this matter pursuant to D.N.M.LR-Civ. 83.8, and instructed Mr. Klein that limited liability companies may not proceed *pro se* and require licensed legal representation.[4]  Doc. 4.  Magistrate Judge Robbenhaar warned Mr. Klein that his failure to comply with the Order could result in dismissal of this action without prejudice.  *Id.*

---

[3] The Louisiana Supreme Court suspended Mr. Klein effective June 27, 2023. *See* USDC 1:23-mc-00034-WJ at Doc. 14 at 10.  It suspended Mr. Klein for one year and one day. *Id.* at 7.  Mr. Klein did not self-report his suspension to this Court until October 27, 2023, in violation of D.N.M.LR-Civ. 83.2(f) and (g). *Id.* at 10.  Chief District Judge Johnson put Mr. Klein on notice in the Order of Suspension that "reinstatement to the State Bar of Louisiana by the Louisiana Supreme Court shall not automatically constitute admission to the Federal Bar of the District of New Mexico.  Accordingly, should Mr. Klein wish to be readmitted to practice in this Court, he will have to reapply at the appropriate time for admission to the Federal Bar of the District of New Mexico." *Id.* at 12.

[4] D.N.M.LR-Civ. 83.8 provides as follows:

On January 12, 2024, Mr. Klein filed his *Response to Order* which contained in large part explanation extraneous to the issue at hand, that being the necessity of licensed counsel to represent Plaintiff-Appellant In House Convenience, LLC, in the orderly and efficient prosecution of the matter before this Court.[5]  Doc. 5.  In his Response, Mr. Klein requested a "respite of thirty days" to allow for further development of his request for reinstatement in this Court.  *Id.* at 4.  On January 16, 2024, Mr. Klein filed a *Notice of Intent to Seek Reinstatement*.  Doc. 8.

On January 17, 2024, Magistrate Judge Robbenhaar entered an *Order Allowing Thirty-Day Extension*.  Doc. 9.  Magistrate Judge Robbenhaar reiterated that D.N.M.LR-Civ. 83.8(c) makes clear that the advancement of this case requires licensed counsel.  *Id.* at 3.  Magistrate Judge Robbenhaar further invoked Fed. R. Civ. P. 41(b) which provides that the Court may dismiss an action, *sua sponte*, if "the plaintiff fails to prosecute or to comply with . . .

---

**Withdrawal of Appearance**.  . . .  an attorney may withdraw from an action as follows:

**(a)   Unopposed Motion to Withdraw**.  The motion to withdraw and proposed order must indicate consent of the client represented by the withdrawing attorney and:
- notice of appointment of substitute attorney; or
- a statement of the client's intention to appear pro se and the client's address and telephone number; or
- if the client is a corporation, partnership or business entity other than a natural person, the client's address and telephone number.

. . .

**(c)   Party is Corporation, Partnership or Business Entity Other Than a Natural Person**.  A motion to withdraw from representation of a corporation, partnership or business entity other than a natural person must include a notice that the corporation, partnership or business entity other than a natural personal can appear only with an attorney.  Absent entry of appearance by a new attorney, any filings made by the corporation, partnership or business entity other than a natural person may be stricken and default judgment or other sanctions imposed.

D.N.M.LR-Civ. 83.8.

[5] On January 13, 2024, Plaintiff-Appellant's counsel also filed a *Supplement to Response to Order* (Doc. 6).

a court order." *Id.* (citing Fed. R. Civ. P. 41(b); and *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (holding that despite Rule 41(b)'s reference to a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders")). Magistrate Judge Robbenhaar explicitly stated that

> . . . the Court is prepared to give Plaintiff-Appellant's counsel an additional thirty days in which to pursue reinstatement. To be clear, however, this additional time is not for the sake of merely initiating proceedings for reinstatement or for positing that reinstatement is assuredly forthcoming. Nor is the additional time an invitation for more extraneous explanation regarding Plaintiff-Appellant's counsel's underlying suspension and related proceedings or for more requests for extensions of time to comply with the Court's *Order Regarding Order for Suspension*. The thirty-day extension is just that – thirty days.

*Id.* Magistrate Judge Robbenhaar ordered that

> [w]ithin thirty (30) days of this Order, by **Friday, February 16, 2024**, Plaintiff-Appellant's counsel will either have secured his reinstatement to practice before the United States District Court for the District of New Mexico and properly notified this Court accordingly, or must file a motion to withdraw pursuant to D.N.M.LR-Civ. 83.8 in compliance with the Court's Order Regarding Order for Suspension.

Doc. 9 at 4 (emphasis in original). Magistrate Judge Robbenhaar warned Mr. Klein for the second time that his failure to comply with the Order may result in dismissal of this action. *Id.*

On February 13, 2024, Mr. Klein filed a *Notice of Filings in 23-MC-00034-WJ and Request for Stay*. Doc. 10. Mr. Klein sought an indefinite stay of this matter pending a decision on his *Petition for Extraordinary Writs of Mandamus and Prohibition* before the United States

Supreme Court[6] and requested a hearing to "personally address the four judicial members of the District of New Mexico."[7] *See* Doc. 10 at 2.

On February 14, 2024, Magistrate Judge Robbenhaar entered an *Order Denying Request for Stay*. Doc. 12. Having considered the relevant factors for determining whether a stay was appropriate in this case, Magistrate Judge Robbenhaar found that a stay was not warranted because it would cause undue delay and uncertainty for all the parties involved.[8] *Id.* at 2. Magistrate Judge Robbenhaar further explained that

> Plaintiff-Appellant In House Convenience, LLC, must move forward with licensed counsel or face dismissal of its claims. Thus, unless Mr. Klein is granted relief from suspension by Judge Johnson in 1:23-mc-00034-WJ, the Court cannot allow him to continue to represent Plaintiff-Appellant in this case and will not further delay this matter until his indeterminate reinstatement.

*Id.* at 3. Magistrate Judge Robbenhaar ordered Mr. Klein to file a motion to withdraw pursuant to D.N.M.LR-Civ. 83.8 in compliance with the Court's *Order Regarding Order for Suspension*

---

[6] On January 8, 2024, Mr. Klein filed a *Petition for Extraordinary Writs and Mandamus and Prohibition* with the United States Supreme Court, No. 23-745, raising issues related to his suspension by the Supreme Court of Louisiana.

[7] Separately, in *In Re: Henry L. Klein*, No. 1:23-mc-00034-WJ, Mr. Klein requested a hearing before Chief District Judge Johnson and Magistrate Judges Laura Fashing, John Robbenhaar and Jerry Ritter, for the purpose of presenting an oral motion for reinstatement to practice before this Court (Doc. 21 at 4).

[8] Magistrate Judge Robbenhaar explained that

> [t]he Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Whether to stay a case generally is a matter left to the sound discretion of the trial court. *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 736 (10th Cir. 2016). In determining whether a stay is appropriate, the court weighs interests such as whether the movant is likely to prevail in the civil action, whether movant will suffer irreparable harm, whether the stay will cause substantial harm to other parties to the proceeding, and the public interests at stake. *United Steelworkers of Am. v. Oregon Steel Mills, Inc*., 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider the litigant's interests in proceeding expeditiously with the civil action and the potential prejudice to the opposing party of a delay, the burden on the litigants, and the convenience to the court. *String Cheese Incident, LLC v. Stylus Shows*, Inc., No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Doc. 12 at 2.

5

(Doc. 4) by no later than Friday, February 16, 2024, and explicitly stated that no further extensions would be allowed.  *Id.*  Magistrate Judge Robbenhaar warned Mr. Klein for the third time that his failure to comply with the Order may result in dismissal of this action.  *Id.*

On February 15, 2024, Mr. Klein filed an *Appeal From Magistrate Order*.  Doc. 13. Therein he requested an opportunity to defend his integrity before the Court.[9]  *Id.*

On February 20, 2024, Chief District Court Judge Johnson denied Mr. Klein's request for a hearing.  *See In Re: Henry L. Klein*, No. 1:23-mc-00034-WJ at Doc. 21.

## II.    ANALYSIS

### A.    The Magistrate Judge's Order Denying Request for Stay Is Not Clearly Erroneous or Contrary to Law

Pursuant to Fed. Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), a district court has authority to modify or set aside a magistrate judge's order on non-dispositive matters found to be "clearly erroneous or contrary to law."  *See Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988). The clearly erroneous standard requires that the reviewing court affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542 (1948); *Harrington v. City of Albuquerque*, No. Civ. 01-0531-LH/WDSA, 2004 WL 1149494, at *1 (D.N.M. May 11, 2004) (The Court "owes no deference to the magistrate's legal conclusions and it may substitute its own judgment on questions of law").

Mr. Klein's *Appeal From Magistrate Order* does not address the relevant factors for determining whether a stay is appropriate or dispute Magistrate Judge Robbenhaar's grounds for

---

[9] *See* fn. 7, *supra.*

6

denying a stay, nor does Mr. Klein cite the legal standard or provide argument that Magistrate Judge Robbenhaar's ruling was clearly erroneous or contrary to law.  Instead, Mr. Klein invokes and wishes to defend his personal integrity with an eye toward reinstatement in this Court.[10]  The Court finds Mr. Klein's argument unavailing.  Here, it is undisputed that Mr. Klein is indefinitely suspended in this Court and that Chief District Judge Johnson has denied Mr. Klein's renewed request for a hearing.  Thus, the matter of Mr. Klein's indefinite suspension in this Court is settled.  Moreover, the Court finds that the reasons given for denying Mr. Klein's request for an indefinite stay are legally sound, *i.e.,* that an indefinite stay in this matter would cause undue delay and uncertainty for all the parties involved.  Therefore, the Court finds that the *Order Denying Request for Stay* is neither clearly erroneous nor contrary to law.  The Court, therefore, recommends that Mr. Klein's *Appeal From Magistrate Order* be **DENIED.**

### B. Mr. Klein Has Failed To Comply With the Court's Orders and This Matter Should Be Dismissed

Rule 41(b) of the Federal Rules of Civil Procedure establishes the court's authority to dismiss a case with or without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b) (explaining involuntary dismissal and effect).  This rule states that if a plaintiff fails to prosecute or comply with federal rules or court orders, the defendant "may move to dismiss the action or any claim against it."  *Id.*  But "Rule [41(b)] has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (alteration in original) (internal quotation marks omitted).

This Court has warned Mr. Klein in three separate orders that in light of his suspension and absent reinstatement this matter was subject to dismissal without prejudice were he not to

---

[10] Mr. Klein also expresses care for his client and characterizes this case, without more, as having "landmark" written all over it.  Doc. 13 at 3.

withdraw and licensed counsel enter an appearance on Plaintiff-Appellant's behalf. Mr. Klein has not been reinstated and failed to withdraw in compliance with the Court's orders. Further, licensed counsel has not appeared on Plaintiff-Appellant's behalf. As such, there has been no prosecution of this case since it was filed on November 6, 2023.[11]  *See* Fed. R. Civ. P. 4(c)(1) (explaining that "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)); *see also* Fed. R. Civ. P. 4(m) (explaining that if a defendant is not served within 90 days after the complaint is filed, absent good cause for the failure, the court must dismiss the action without prejudice); *see generally* D.N.M.LR-Civ. 41.1 (explaining in part that a civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward). The Court, therefore, recommends that this matter be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

### III.    RECOMMENDATION

For all of the foregoing reasons, the Court recommends that Mr. Klein's *Appeal From Magistrate Order* be **DENIED**.

The Court further recommends that Plaintiff-Appellant's *Complaint for Judicial Review of Final Agency Decision and Restoration of SNAP Rights Pursuant to 7 U.S.C. § 2023, 7 C.F.R. 279.7Complaint* be **DISMISSED WITHOUT PREJUDICE**.

---

[11] As of the filing of this PFRD, one hundred and thirteen days have passed since this matter was initiated.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**